IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SANTIAGO BERRIOS-BONES, ET AL., <br><br> Plaintiff, <br><br> vs. <br><br> NEXIDIS, LLC., ET AL., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:07-cv-00193DAK |

This matter comes before the court on Defendant Legacy Land Title's ("Legacy") Motion to Re-Open and Dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The case has been administratively closed since June 2, 2008 because defendants James Walker and Walker Design Services, LC (the "Walker Defendants") are involved in bankruptcy proceedings. Plaintiffs concurrently move to sever the Walker Defendants pursuant to D.U. Civ. R. 7-1(b) (1) and Rules 21 and 42(b) of the Federal Rules of Civil Procedure.

The court held a hearing on Legacy's Motion to Re-Open and Dismiss and Plaintiffs' Motion to Sever, on November 4, 2009. At the hearing, Plaintiffs were represented by Justin D. Heideman, Legacy was represented by Gerry B. Holman, and defendant Simon P. Juhlin was represented by Christine T. Greenwood. The court took the matter under advisement. Having heard the arguments, fully considered the motions and memoranda submitted by the parties and the facts and law relevant to the motions,

the court GRANTS Legacy's Motion to Re-Open, DENIES Legacy's Motion to Dismiss, and defers ruling on Plaintiffs' Motion to Sever for thirty days.

## BACKGROUND

Accepting the well-pled facts as true at the motion to dismiss stage, the following facts are taken from Plaintiffs' Complaint. Plaintiffs allege that they were victims of a complex and extensive investment and real estate fraud scheme perpetrated by a group of over forty defendants, primarily represented by Nexidis, LLC, ("the Nexidis Defendants"). The Nexidis Defendants sold Plaintiffs memberships in a Buyer Partner Program ("BPP"), which was represented as having been developed by an experienced private venture group and/or real estate developers. While the investment opportunity was initially presented and made through Nexidis, in May 2006, it was announced that Walker Design Services ("WDS"), the alleged developer of the projects, had taken over the projects. WDS later attempted to distance itself from Nexidis and represented that WDS had nothing to do with Nexidis. Plaintiffs allege that these representations were false because James Walker controlled both companies and both were simply alter egos of James Walker.

From June 2004 through December 2004, the Nexidis Defendants solicited investments from Plaintiffs to invest in the BPP. Plaintiffs were promised a low risk opportunity to use their good credit and financial stability to obtain stable return through investment in real estate. Plaintiffs were only required to pay an initial membership fee of at least $5,000 and, in return, they were promised that they would receive a commission fee from each project they invested in that would be based upon the total loan obtained on the individual properties in which the Plaintiffs invested.

However, Plaintiffs started receiving notices demanding payments on the loans. The Nexidis Defendants claimed they were seeking refinancing and/or other purchasers for the projects but the promised refinancing never occurred, and the properties are now in default. The lenders have begun to take action directly against Plaintiffs for recovery of the loan amounts. Based on these allegations, Plaintiffs assert causes of action for violations of Sections 10(b), 12(1), and 12(2) of the Securities Act, violation of S.E.C. Rule 10b-5, violations of Sections 61-1-1 and 61-1-22(1) of the Utah Uniform Securities Act, fraudulent misrepresentation, breach of contract, breach of covenant of good faith and fair dealing, quiet title, waste and negligence.

Plaintiffs' extensive Complaint consists of 161 pages and 1,000 paragraphs of allegations. Legacy is mentioned by name in only four paragraphs of the Complaint; however, all Plaintiffs' causes of action are stated against all defendants. Legacy performed escrow services in the transactions between the Nexidis Defendants and Plaintiffs. Further, Plaintiffs claim Legacy is liable through theories of common law agency, respondeat superior, and joint and several liability.

Plaintiffs' allegations specifically naming Legacy claim negligence in executing a warranty deed to Gilger Homes instead of Rockwell Estates. "Legacy attempted to correct its negligence by recording an 'affidavit of erroneous title' on Feb 6, 2006." Def.'s Mot. to Re-open and Dismiss ¶ 2. Further, Plaintiffs allege that Legacy failed to inform Plaintiffs of encumbrances on some of the property involved in the transactions in question.

On October 11, 2007, involuntary bankruptcy petitions were filed with regard to the Walker Defendants. On June 2, 2008, this court entered an Order administratively

3

closing the case but allowing the case to be re-opened by motion of any party. The bankruptcy proceedings remain open, though the expectation is that the bankruptcies will conclude within the next thirty days. On October 22, 2009, the bankruptcy trustee filed a report that there are no asserts to distribute and that the creditors' claims are scheduled to be discharged without payment.

## ANALYSIS

Legacy moves to re-open this case so that the claims against it may be dismissed with prejudice. The argument in support of the Motion to Dismiss is that Plaintiffs have failed to prosecute their case and dismissal is appropriate pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Prior to the latest developments in the bankruptcy proceedings, Plaintiffs filed a Motion to Sever the bankrupt Walker Defendants in order to proceed against the other defendants. The Motion to Sever has been opposed by four of the defendants.

### I. Motion to Re-Open

Plaintiffs do not oppose Legacy's Motion to Re-Open the case. Because the automatic bankruptcy stay will likely be lifted within the next thirty days, the administrative closure of the case is no longer merited. The court agrees that the case should be re-opened and orders the Clerk's office to do so.

### II. Motion to Dismiss

Legacy argues that the court may dismiss an action with prejudice for failure to prosecute "in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). Legacy relies on a Second Circuit test to argue that the court

should dismiss the case. Under that test, considerations for a court to evaluate when deciding whether to dismiss are:

> (1) the duration of the plaintiff's delays; (2) whether plaintiff was notified that the inactivity would be cause for dismissal; (3) whether the defendant would be prejudiced by further delay; (4) whether a balance has been achieved between the need to alleviate the court's calendar congestion with the parties right to due process; and (5) the efficacy of lesser sanctions.

*Dodson v. Runyon*, 86 F.3d 37, 38 (2d Cir. 1996). Legacy contends that the automatic bankruptcy stay does not prohibit Plaintiffs from prosecuting their claims against the defendants that are not in bankruptcy.

Plaintiffs point to a Tenth Circuit test for dismissal which requires that a court assess: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Erenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). This is not a rigid test but a set of criteria for the court to evaluate. *Id.* The court will apply the controlling Tenth Circuit test.

### A. Prejudice

Legacy alleges that it would be prejudiced by further delay because the pending litigation makes obtaining insurance more expensive. However, any such prejudice to Legacy is relevant to its motion to re-open rather than its motion to dismiss and, as previously discussed, Plaintiffs do not object to the motion to re-open. Regardless, if the increase in the cost of doing business for Legacy is the extent of the prejudice suffered, it is offset by the prejudice Plaintiffs have suffered in not being able to pursue their claims.

Plaintiffs could not control the effect of the automatic stay on this litigation. And, the court's administrative closure order allowed any party to seek to re-open the case.

Defendant also looks to the duration of the delay in support of its claim of prejudice. This matter has lain fallow for one year. Citing to a case where the matter had languished for longer than that and had not been dismissed, Plaintiffs argue that the delay is not excessive. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135 (10th Cir. 2007). In *Ecclesiastes*, the district court refused to grant a first motion to dismiss, even though the litigation had been in progress for more than eight years, and the case had been closed for two and a half years. *Id.* at 1138. Although the court eventually did dismiss the case and the Tenth Circuit affirmed, the bar has been set high for delay leading to dismissal. The court concludes that the delay has not been excessive as to be prejudicial.

All that being said, circumstances outside the Plaintiffs' control led to this delay. Plaintiffs do not appear to be unduly dragging their feet and it would be in their best interests to move forward with the litigation, not to delay it. On balance, the equities of the prejudice analysis favor Plaintiffs.

### B. Interference

Legacy does not argue that Plaintiffs have interfered in the judicial process in any way. During the year since the case was closed, Plaintiffs have not missed any deadlines, failed to appear at any hearings, or requested time extensions for any reason. Any delays are the result of circumstances outside their control. Now that the bankruptcy proceeding will be resolved shortly and the automatic stay will be lifted, the litigation can proceed.

### C. Culpability

Plaintiffs come before the court with clean hands. They contend that dismissal with prejudice is a severe sanction and measure of last resort. *Ecclesiastes*, 497 F.3d at 1143. And, it should only be used when "aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits." *Ehrenhaus v. Reynolds*, 965 F. 2d 916, 921 (10th Cir. 1992). In this case, no misconduct has occurred and no aggravating factors are present. Therefore, the ultimate sanction of dismissal with prejudice is inappropriate.

### D. Notice

Legacy argues that Plaintiffs received notice of possible dismissal by the language of Rule 41(b) and the knowledge that the case may not lie dormant in administrative closure indefinitely. Notice can be either actual or constructive, and Legacy does not argue that Plaintiffs received actual notice. The Tenth Circuit has defined constructive notice as notice that is: "(1) without an express warning; and (2) objectively based on the totality of the circumstances (most importantly, trial court's actions or words) . . . deemed to be sufficient." *Ecclesiastes*, 497 F.3d at 1150. By that standard, Plaintiffs were not constructively warned at any time that dismissal was a likely sanction. Legacy cites neither words nor actions of this court in claiming that Plaintiffs had notice of dismissal. The court concludes that neither actual nor constructive notice were present in this case.

Legacy goes on to argue that the absence of notice does not necessarily preclude dismissal. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962). It is, however, an important element of the analysis. *Ecclesiastes*, 497 F.3d at 1149. On balance, given the lack of aggravating factors, and the relatively short duration of delay, the lack of actual or constructive notice weighs heavily against dismissal.

**E. Lesser Sanctions**

Plaintiffs are not delinquent in prosecuting the case and thus are not deserving of sanctions of any kind, making this element moot. Each factor of the Tenth Circuit test favors Plaintiffs, and the court declines to dismiss their case for failure to prosecute.

**II. Motion to Sever**

Rule 21 of the Federal Rules of Civil Procedure permits a court to add or drop parties to an action when doing so would serve the ends of justice and further the prompt and efficient disposition of the litigation. *German by German v. Federal Home Loan Mortg. Corp.*, 896 F. Supp. 1385, 1400 (S.D.N.Y. 1995). The decision whether to sever a party or claim from an action is within the broad discretion of the district court. *Id.*; 7 Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 1689 (1988).

A motion to sever pursuant to Rule 21 necessarily requires the court to consider whether the party is "indispensable" to the litigation, a decision that must be based on "factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests." *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 119 (1968); *see also Dental Ben. Mgmt. Inc. v. Capri*, 153 B.R. 26, 28 (E.D. Pa. 1992) (severing bankrupt debtor to allow plaintiff to proceed against co-defendants in civil RICO scheme after determining bankrupt debtor is not indispensable party); *Cushman & Wakefield, Inc. v. Backos*, 129 B.R. 35, 36 (E.D. Pa. 1991) (severance of bankrupt defendant is proper unless party is indispensable).

Regardless of whether the Walker Defendants are indispensable parties or not, given the proximate conclusion of the bankruptcy proceedings, it will soon be feasible to continue

the litigation in either case. Upon conclusion of the bankruptcies, the automatic stay and administrative closure of the case in this court will no longer apply and the litigation can proceed against all defendants. Because the court has been informed that the bankruptcies will likely be closed within thirty days, the court defers ruling on the Motion to Sever based on the probability that the motion will become moot.

## CONCLUSION

Based on the above reasons, Legacy's Motion to Re-Open is GRANTED, Legacy's Motion to Dismiss is DENIED, and a ruling on Plaintiffs' Motion to Sever is deferred for thirty days pending finalization of the bankruptcy proceedings against the Walker Defendants.

DATED this 17th day of November, 2009.

BY THE COURT:

_____
DALE A. KIMBALL,
United Sates District Judge